**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Christopher Cardani
Assistant United States Attorney
Christopher.Cardani@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

November 10, 2025

Mark Ahlemeyer
Assistant Federal Public Defender
101 SW Main St. #1700
Portland, OR 97204

      Re:   *United States v. Alexander Jay Boyce*
            Case Number: 3:25-cr-00463-IM
            Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**: Defendant agrees to plead guilty to Count 1 of the information alleging a violation of 18 U.S.C. § 111(a)(1), assaulting or impeding a federal officer, a Class A Misdemeanor. Defendant has received limited discovery but is satisfied that sufficient information has been provided to support the terms of the guilty plea. Defendant waives any further discovery and relieves the USAO of any obligation to provide any other discovery.

3.    **Penalties**: The maximum sentence is one year imprisonment, a fine of $100,000, and a $25 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

4.    **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.    **Elements and Factual Basis**: In order for defendant to be found guilty of Count 1 of the information, the government must prove the following elements beyond a reasonable doubt:

Mark Ahlemeyer
Re: Alexander Jay Boyce Plea Agreement Letter
Page 2
November 10, 2025

> First, the defendant forcibly assaulted Adult Victim 1; and
>
> Second, the defendant did so while Adult Victim 1 was engaged in, or on account of his official duties.

There is a forcible assault when one person intentionally strikes another, or willfully attempts to inflict injury on another, or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm.

Defendant admits the elements of the offense alleged in Count 1 of the information.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea.

The following facts are undisputed:

> On October 5, 2025, at approximately 8:40 p.m., there were approximately fifty individuals on the north side of the ICE facility along South Bancroft Street in Portland, Oregon. Federal law enforcement officers deployed outside the gates of the ICE facility, and on to South Bancroft Street, to set up a physical perimeter for official vehicles to enter and leave the facility. Prior to law enforcement personnel leaving the ICE facility, a long-range-acoustic device (LRAD) warning was given for individuals to stay off federal property and to clear the vehicle entrance of the ICE facility.
>
> Victim (V), a uniformed United States Customs and Border Protection Agent, began to physically clear individuals toward South Bancroft Street and to the eastern perimeter of the ICE vehicle entrance. V stood in a static formation, on a public sidewalk, a few feet from the ICE driveway, but just short of South Bancroft Street. Defendant was part of the crowd and standing in front of V. Defendant shouted multiple times in V's face words to the effect "move back" or "get the fuck out of our city." V gave verbal demands to the crowd to back away. Defendant suddenly moved his head in a forward motion and intentionally spit saliva from his mouth towards V, impacting a helmet and face shield worn by V. Defendant was taken into custody and spent ~~a day~~ two days [initialed] in jail before being released. Defendant admitted yelling obscenities at the officers and that he spit at them.

Mark Ahlemeyer
Re: Alexander Jay Boyce Plea Agreement Letter
Page 3
November 10, 2025

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Guidelines Calculation and Variance**: The parties agree to the following Sentencing Guidelines: the base offense level pursuant to USSG § 2A2.4 is 10, and there is a three-level increase because the offense resulted in physical contact (§ 2A2.4(b)(1)(A)). If defendant continues to warrant a reduction for acceptance of responsibility as described below, there will be a two level reduction under USSG § 3E1.1 If defendant accepts and returns a signed agreement within two weeks after the date of this letter, agrees to plead guilty at the first available court setting, and foregoes additional discovery, the USAO will recommend a two level variance under 18 U.S.C. § 3553. If so, defendant's final offense level will be 9.

8. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a two-level reduction for acceptance of responsibility. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, violates the terms of pretrial release by entering the exclusion zone surrounding the Portland Immigration and Customs Enforcement building, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9. **Sentencing Recommendations**: Defense may request any lawful sentence. The government will recommend a sentence at the low end of the USSG range and anticipates that range will be 4-10 months (Zone B). If so, the government recommends a time-served sentence, followed by one year of supervised release with the following special conditions:

- Defendant will serve four months of home detention;
- Defendant is prohibited from entering the area surrounding the Immigration and Customs Enforcement Building in Portland Oregon. Defendant is specifically prohibited from entering the area bounded by South Gaines Street to the North; South Boundary Street to the South; Southwest Terwilliger to the West; and the Willamette River to the East. Defendant may use I-5 to transit the exclusion area so long as defendant does not depart the freeway or stop within the exclusion area; and
- Defendant agrees to be assessed and treated as recommended for excessive alcohol consumption.

10. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except

Mark Ahlemeyer
Re: Alexander Jay Boyce Plea Agreement Letter
Page 4
November 10, 2025

for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). **In the event that any of defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.**

11. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

12. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer, and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

13. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea. If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

14. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

/////

Mark Ahlemeyer
Re: Alexander Jay Boyce Plea Agreement Letter
Page 5
November 10, 2025

15. **Deadline**: This plea offer expires if not accepted within two weeks of the date of this letter.

                                            Sincerely,

                                            SCOTT E. BRADFORD
                                            United States Attorney

                                            */s/ Christopher Cardani*
                                            CHRISTOPHER CARDANI
                                            Assistant United States Attorney

      I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

11/21/25
Date

                                            ALEXANDER JAY BOYCE
                                            Defendant

      I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

11/21/25
Date

                                            MARK AHLEMEYER
                                            Attorney for Defendant